## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD BYRON MANNING, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1610 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner filed this section 2254 habeas petition challenging his 2005 conviction and sentence for theft of property valued at over two hundred thousand dollars. Respondent filed a motion to dismiss based on expiration of limitations. (Docket Entry No. 11.) Petitioner filed a response. (Docket Entry No. 14.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS respondent's motion to dismiss and DISMISSES this case as barred by limitations.

### *Procedural Background and Claims*

Petitioner was convicted of theft of property valued at over two hundred thousand dollars and sentenced to 28 years incarceration on September 10, 2005. Petitioner, who had been a licensed Texas attorney prior to the conviction, represented himself at trial. His appointed counsel on appeal filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that the appeal was frivolous and without merit. Petitioner did not file a *pro se* brief,

and the conviction was affirmed on appeal on July 13, 2006. *Manning v. State*, 14-05-01084-CR, 2006 WL 1911482 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Petitioner did not seek discretionary review.

Petitioner's application for state habeas relief, filed with the trial court on October 27, 2011, was denied by the Texas Court of Criminal Appeals on January 29, 2014. Manning filed the instant federal petition on June 9, 2014.

Respondent argues that this case should be dismissed as barred by the applicable one-year statute of limitations for section 2254 proceedings.

### *Statute of Limitations*

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

As shown by the record, petitioner's conviction became final for purposes of the one-year AEDPA limitation on August 14, 2006, and expired one year later, on August 14, 2007. Petitioner did not file his application for state habeas relief until 2011, long after expiration of limitations, and his state application afforded him no tolling or other limitations benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that the application for state habeas relief did not toll limitations under section 2244(d)(2) because it was filed after limitations had expired). The instant federal habeas petition, filed in 2014, is untimely by seven years.

In his response to the motion to dismiss, petitioner claims entitlement to equitable tolling because of ineffective assistance of appellate counsel in 2006. Specifically, petitioner claims that counsel failed to provide him a copy of the *Anders* brief or inform him of his right to review the record and file a *pro se* brief, failed to advise him of the appellate court's

3

decision or provide a copy of the opinion, and failed to advise him on filing a *pro se* petition for discretionary review.

Petitioner is not entitled to equitable tolling under these allegations, as the state court on collateral review rejected his underlying assertions of ineffective assistance of appellate counsel. The state trial court made the following relevant findings of fact:

> 5. The Court finds that the affidavit of the applicant's appellate counsel . . . is credible and that the facts asserted therein are true and correct.
>
> 6. [Appellate counsel] no longer retains the file in the primary case due to natural disasters and office moves, and has no independent recollection of the primary case.
>
> 7. [Appellate counsel's] usual practice when representing clients on appeal is to provide the client with a copy of the brief filed.
>
> 8. [Appellate counsel] has no reason to believe that he deviated from his normal practice in providing the applicant a copy of the brief in the primary case.
>
> 9. [Appellate counsel's] usual practice on appeal is to provide a cover letter to his clients, timely explaining the client's right to file a *pro se* response in the direct appeal.
>
> 10. [Appellate counsel] has no reason to believe that he deviated from his normal practice in explaining to his clients the right to file a *pro se* response in the direct appeal filed in the primary case.
>
> 11. [Appellate counsel's] usual practice when representing clients on appeal is to include in the cover letter a timely explanation to his clients of their right to examine the appellate record in order to assist them in filing a *pro se* response in the direct appeal should they choose to do so.

12.     [Appellate counsel] has no reason to believe that he deviated from his normal practice in explaining to the applicant that he could access the appellate record to assist him in preparing a *pro se* response in the direct appeal of the primary case.

13.     The applicant included a letter purportedly from [appellate counsel], dated May 14, 2006, in the application for writ of habeas corpus, which demonstrates that [appellate counsel] sent the applicant a copy of the *Anders* brief filed in the primary case, informed the applicant that he could pursue the appeal himself, and informed the applicant that he could access a copy of the record through the Fourteenth Court of Appeals.

14.     It appears that [appellate counsel's] first affidavit, filed May 7, 2012, left the impression that [he] sends only one letter to his appellate clients, which includes the brief, explanations of rights, and a copy of the appellate decision. However, that is not the case. [Appellate counsel's] initial letter to his appellate clients would include a copy of the brief, an explanation of the client's right to file a *pro se* response, and an explanation of the client's right to access the appellate record.

15.     [Appellate counsel's] usual practice on appeal is to send at least one other letter to the client after the appellate decision is handed down. This second letter informs the client of the appellate court's decision, includes a copy of the appellate decision, informs the client that [appellate counsel] no longer represents the client for the rest of the appeal process, and explains that the clients can file a PDR him/herself.

16.     [Appellate counsel] has no reason to believe that he deviated from his normal practice to timely notify his clients of the appellate court's decision—by sending the applicant a second letter separate from the letter with the copy of the *Anders* brief in the primary case—and providing his clients a copy of the appellate opinion in the primary case.

17.     [Appellate counsel] has no reason to believe that he deviated from his normal practice in timely informing the applicant that he no longer represented him in the remainder of the appellate process, including the filing of a PDR, and that if the applicant wished to file a PDR, he could do so himself.

18.     [Appellate counsel] timely informed the applicant of his right to file a *pro se* PDR.

> 19. The performance of the applicant's appellate counsel . . . was not deficient and did not prejudice the applicant.
>
> 20. The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel on appeal.
>
> 21. In all things, the applicant fails to demonstrate that his conviction was improperly obtained or that he is being improperly confined.

(Docket Entry No. 10-3, pp. 30–32, record citations omitted.) The state trial court also made the following conclusions of law:

> 22. The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
> 23. In habeas proceedings, the applicant has the burden of proof and the standard is by a preponderance of the evidence. The applicant failed to carry his burden.
>
> 24. The applicant's appellate counsel fulfilled his duty to inform the applicant that (1) the appellate court affirmed the applicant's convictions, and (2) the applicant has a right to file *pro se* petitions for discretionary review with the Court of Criminal Appeals.
>
> 25. The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel on appeal.
>
> 26. The performance of the applicant's [appellate] counsel was not deficient and did not prejudice the applicant.

*Id.*, p. 33, citations omitted. The Texas Court of Criminal Appeals impliedly relied on these findings of fact and conclusions of law in denying habeas relief.

Because the state court found that appellate counsel was not ineffective and that he provided petitioner the notices, information, and copies required by *Anders*, petitioner cannot show that his federal habeas claims are timely due to ineffective assistance of appellate counsel. Petitioner's disagreement with these findings and conclusions fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or *Anders* or was an unreasonable determination of the facts based on the evidence in the record. Accordingly, petitioner's federal claims are barred by limitations.

Regardless, petitioner is not entitled to equitable tolling under the record before this Court. To merit equitable tolling for purposes of the AEDPA statute of limitations, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). In general, equitable tolling is warranted only in situations where a petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *Id*. The decision to apply equitable tolling is left to the discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). A petitioner bears the burden of proving that equitable tolling is justified. *Phillips v. Donnelly*, 26 F.3d 508, 511 (5th Cir. 2000).

The record in the instant case shows that petitioner knew in 2005 that appellate counsel had been appointed to appeal his conviction. The conviction was affirmed on appeal in 2006. The record establishes that petitioner took no further action in his case until 2011,

when he requested leave to file an untimely *Anders pro se* response brief with the state appellate court. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Petitioner shows no unconstitutional state action that prevented his taking action prior to his seeking to file an untimely brief in 2011, nor does he show that he diligently pursued his legal rights from 2006 to 2011. Petitioner focuses entirely on his allegations of what appellate counsel failed to do, but ignores his own obligation to show what affirmative steps he himself took to protect his legal interests during that time. In short, petitioner fails to demonstrate the exercise of due diligence during 2006 to 2011. Without proof of due diligence, petitioner is not entitled to equitable tolling.

Petitioner's state habeas petition was filed after expiration of the federal one-year statute of limitations, and did not toll limitations. Petitioner's instant federal petition shows on its face that it is barred by limitations.

## *Conclusion*

Respondent's motion to dismiss (Docket Entry No. 11) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on October 15, 2014.

_____
Gray H. Miller
United States District Judge